# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISON

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIBABA.COM, INC., ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, and ALIBABA GROUP HOLDING, LTD. <br><br> Defendants. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Express Mobile, Inc. d/b/a Xpressmo, Inc. ("Express Mobile" or "Plaintiff"), for its Complaint against Defendant Alibaba.com, Inc. and Defendant Alibaba Group Holding Ltd. (collectively referred to as "Alibaba" or "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Express Mobile, Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 3415 Custer Rd. Suite 104, Plano, TX 75023. Express Mobile is registered to conduct business in the State of Texas under the d/b/a Xpressmo, Inc.

3. Upon information and belief, Alibaba.com, Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 3945 Freedom Cir. #600, Santa Clara, CA 95054 and a registered agent for service of process at National Registered Agents,

Inc., 818 W. Seventh St., Los Angeles, CA 90017.  Upon information and belief, Alibaba sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Alibaba.com Singapore E-commerce Private Ltd. is a company organized and existing under the laws of Singapore, with a registered address at 10 Collyer Quay # 10-01, Ocean Financial Centre, Singapore 049315 and, upon information and belief, can be served at that address by mail, agent, or letters rogatory.  Upon information and belief, Alibaba.com Singapore E-commerce Private Ltd. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

5.      Upon information and belief, Alibaba Group Holding Ltd. is a holding company organized and existing under the laws of the Cayman Islands, with a place of business at 26/F Tower One, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong and a registered agent for service of process at Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, New York 10036.  Upon information and belief, Alibaba Group Holding Ltd. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

9. This Court has personal jurisdiction over each Defendant because: Defendants each are present within or have minimum contacts within the State of Texas and this judicial district; Defendants each have purposefully availed themselves of the privileges of conducting business in the State of Texas and in this judicial district; Defendants each regularly conduct business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from each Defendants' business contacts and other activities in the State of Texas and in this judicial district.

10. Upon information and belief, Defendants each conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,546,397**

11. The allegations set forth in the foregoing paragraphs 1 through 10 are incorporated into this First Claim for Relief.

12. On April 8, 2003, U.S. Patent No. 6,546,397 ("the '397 patent"), entitled "Browser Based Web Site Generation Tool and Run Time Engine," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '397 patent is attached as Exhibit A.

13. Express Mobile is the assignee and owner of the right, title and interest in and to the '397 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

14. Upon information and belief, Alibaba has and continues to directly infringe one or more claims of the '397 patent by making, using, selling, importing and/or providing and causing to be used website-building tools that perform the claimed method and possess the claimed features of the '397 patent, which tools by way of example include Alibaba's Minisite website-building tools (the "Accused Instrumentalities").

15. Alibaba was made aware of the '397 patent and its infringement thereof at least as early as its receipt of correspondence from Express Mobile providing notice of the '397 patent and Alibaba's infringement thereof sent to Alibaba on March 9, 2015. The letter was sent by Federal Express with delivery confirmation. Express Mobile has since received confirmation that Alibaba has received the letter.

16. On March 20, 2015, Express Mobile sent a second letter to Alibaba regarding Alibaba's infringement of the '397 patent. The letter was sent by Federal Express with delivery confirmation. Express Mobile has since received confirmation that Alibaba has received the second letter. Alibaba failed to provide any response to either letter.

17. Upon information and belief, since at least the time it received notice, Alibaba has induced and continues to induce others to infringe at least one claim of the '397 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Alibaba's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '397 patent.

18. In particular, Alibaba's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Alibaba has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Alibaba has had actual knowledge of the '397 patent and that its acts were inducing infringement of the '397 patent since at least the date Alibaba received notice that such activities infringed the '397 patent.

19. Despite Express Mobile's notice to Alibaba regarding the '397 patent, Alibaba has continued to infringe the '397 patent. Alibaba's continued infringement has been and continues to be willful.

20. Express Mobile has been irreparably harmed by Alibaba's infringing activities and will continue to be irreparably harmed by such activity in the future unless Alibaba is enjoined by this Court from committing further acts of infringement.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Express Mobile demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Express Mobile LLC demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants each have infringed the '397 patent;

B. An award of damages to be paid by Defendants adequate to compensate Express Mobile for Defendants' past infringement of the '397 patent, and any continuing or future

infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      A permanent injunction in favor of Express Mobile and against Defendants pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, employees, servants, and those persons in active concert or participation with Defendants from further acts of patent infringement;

      D.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

      E.      An award to Express Mobile of such further relief at law or in equity as the Court deems just and proper.

                          Respectfully submitted,

Dated:  April 6, 2015          DEVLIN LAW FIRM, LLC

         */s/ Robert Kiddie*
Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
Delaware Bar No. 4241
tdevlin@devlinlawfirm.com
Xiyan Zhang (*pro hac vice* to be filed)
New York Bar No. 5052642
xzhang@devlinlawfirm.com
DEVLIN LAW FIRM, LLC
1220 North Market Street, Suite 850
Wilmington, Delaware 19801
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
LEAD COUNSEL

Mary C. Jacob
Texas Bar No. 24072165
mary.jacob@bcoonlaw.com
BRENT COON & ASSOCIATES
300 Fannin St., Suite 200
Houston, Texas 77002
Telephone:  (713) 225-1682
Facsimile:  (713) 225-1785
LOCAL COUNSEL

*Attorneys for Plaintiff*
EXPRESS MOBILE, INC.