**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC., | |
| Plaintiff, | Civil Action No. 2:15-CV-00461 |
| v. | |
| ALIBABA.COM, INC., a Delaware corporation, ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, a Singapore company, and ALIBABA GROUP HOLDING, LTD., a Cayman Islands exempted company | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**

I.      **INTRODUCTION**

Defendants Alibaba.com, Inc.("Alibaba.com"), Alibaba.com Singapore E-Commerce Private Limited ("Alibaba Singapore"), and Alibaba Group Holding Limited ("Alibaba Holding") (collectively, the "Alibaba Defendants"), hereby move, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss Plaintiff Express Mobile, Inc.'s ("Express Mobile") complaint with respect to the Alibaba Defendants for lack of personal jurisdiction.  None of the Alibaba Defendants has systematic and continuous contacts with the state of Texas.  Nor do they have any contacts with Texas that arise out of Express Mobile's patent infringement allegations.  In the alternative, Defendants move pursuant to 28 U.S.C. § 1406(a) to transfer this case to the Northern District of California.

Express Mobile has elected to file suit in this District accusing two foreign companies and a California-based company of infringing a United States patent, without a rational basis for doing so.  While Express Mobile conclusorily alleges that this Court has personal jurisdiction over the Defendants, it provides no factual basis for its contentions and the few facts it does allege suggest otherwise.  The entirety of Express Mobile's jurisdictional allegation is a conclusory recitation of the general elements of the test for personal jurisdiction.  The Complaint is devoid of facts to support Express Mobile's contentions, and therefore Express Mobile fails to set forth even a *prima facie* case that this Court can exercise personal jurisdiction over the Alibaba Defendants.  Thus, the Court should not exercise personal jurisdiction here.

Even if this Court finds that it has jurisdiction over any Alibaba Defendant, the Alibaba Defendants collectively move pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California.  No party to this action has real ties to Texas.  To the extent that any Alibaba Defendant has ties to the United States relating to this action, those ties are centered

in the Northern District of California.  The bulk, if not all, of Alibaba's U.S.-based documents and witnesses are resident in the Northern District of California.  The Northern District of California is also a more convenient travel destination for Alibaba's witnesses.  Furthermore, none of Plaintiff Express Mobile's principals reside in Texas—in fact the majority, including the named inventor of the patent-in-suit, are resident in the Northern District of California.  As a result, the Northern District of California is a more convenient forum for all witnesses having information that is likely relevant to the present dispute; litigating the present case in that District offers significant benefits in time and expenditure of resources to all parties (including Plaintiffs), and that District has a much greater interest in administering the allegations surrounding the present dispute.  Thus, the facts of the present case overwhelmingly favor a transfer to the Northern District of California.

## II.   **FACTUAL BACKGROUND**

On April 6, 2015, Express Mobile, Inc. ("Express Mobile") filed the present action alleging infringement of U.S. Patent No. 6,546,397 by Alibaba.  (Dkt. 1.)  In the Complaint, Express Mobile alleges that Alibaba.com and Alibaba Holding[1] each directly infringes "one or more claims of the '397 patent by making, using, selling, importing and/or providing and causing to be used website-building tools that perform the claimed method and possess the claimed features of the '397 patent, which tools by way of example include Alibaba's Minisite website building tools."  (Dkt. 1 at ¶ 14).

---

[1] While Alibaba Singapore is listed in the caption for this case and discussed generally in a paragraph 4 of the Complaint, Express Mobile sets forth no allegations of infringement against Alibaba Singapore in the present Complaint.  *See* Dkt. No. 1 at p. 1 ("Plaintiff Express Mobile, Inc. d/b/a/ Xpressmo, Inc. ('Express Mobile' or 'Plaintiff'), for its Complaint against Defendant Alibaba.com, Inc. and Defendant Alibaba Group Holding Ltd. (collectively referred to as 'Alibaba' or 'Defendants')…").

### A.      <u>Defendant Alibaba.com, Inc.</u>

As set forth in the accompanying declaration of HO Lok Che ("Ho Decl."), Alibaba.com is a Delaware Corporation with its place of business in San Mateo, CA.  Ho Decl. ¶ 3. Alibaba.com is a marketing company, which promotes the Alibaba websites in the United States generally.  *Id.,* ¶ 5.  Alibaba.com does not engage in marketing or sales initiatives directed at any specific State, including Texas.  *Id*.

Alibaba.com does not operate any of the Alibaba websites, does not develop, make, sell or distribute any products (including website-building tools), and does not provide technical support or engineering services to end users of the Alibaba websites.  *Id.*

All Alibaba.com employees are either based in its San Mateo, CA office or spend some portion of their time working out of that office.  *Id.* ¶ 4.  Alibaba.com does not own, lease or maintain any real property in Texas.  *Id.* ¶ 6. Alibaba.com does not own, lease or maintain any tangible personal property, including any documents or electronic data repositories, in Texas.  *Id.* ¶ 7.  Alibaba.com has no employees, representatives, or agents in Texas.  Alibaba.com pays no property or income taxes in Texas, has no places of business, mailing addresses, bank accounts, or telephone listings in Texas.  *Id.* ¶ 8.  Alibaba.com has no registered agent in Texas and is not registered with the Texas Secretary of State to transact business in Texas.  *Id.* ¶ 9.

### B.      <u>Defendant Alibaba Group Holding Limited</u>

Alibaba Holding is a Cayman Islands Corporation with its principal place of business in Hangzhou, China.  Alibaba Holding is a non-operating shell company.  *Id.,* ¶ 10.  Alibaba Holding does not operate any of the Alibaba websites and does not engage in any development, manufacture, sales, marketing or distribution of any products (including website-building tools) or services of any kind.  (Ho Decl. ¶ 11.)

Alibaba Holding does not own, lease or maintain any real property in Texas.  *Id.* ¶ 12.

Alibaba Holding does not own, lease or maintain any tangible personal property, including any

documents or electronic data repositories, in Texas.  *Id.* ¶ 13.  Alibaba Holding has no

employees, representatives, or agents in Texas, pays no property or income taxes in Texas, and

has no places of business, mailing addresses, bank accounts, or telephone listings in Texas.  *Id.* ¶

14.  Additionally, Alibaba Holding has no registered agent in Texas and is not registered with the

Texas Secretary of State to transact business in Texas.  *Id.* ¶ 15.

C.      **Defendant Alibaba.com Singapore E-Commerce Private Ltd.**

Alibaba Singapore is a company organized and existing under the laws of Singapore,

with a principal place of business at 10 Collyer Quay, #10-01, Ocean Financial Centre,

Singapore 049315.  Ho Decl. ¶ 16.  Alibaba Singapore is engaged in investment holding,

marketing, and sale of website content services.  *Id.,* ¶ 17.  Alibaba Singapore does not operate

any of the Alibaba websites, does not develop, make, sell or distribute any products (including

website-building tools), and does not provide technical support or engineering services to end

users of the Alibaba websites.  Alibaba Singapore does not engage in sales or marketing directed

at the United States or any State therein, including Texas.  *Id.,* ¶ 22.

Alibaba Singapore does not own, lease or maintain any real property in Texas.  *Id.,* ¶ 18.

Alibaba Singapore does not own, lease or maintain any tangible personal property, including any

documents or electronic data repositories, in Texas.  *Id.* ¶ 19.  Alibaba Singapore has no

employees, representatives, or agents in Texas, pays no property or income taxes in Texas, and

has no places of business, mailing addresses, bank accounts, or telephone listings in Texas.  *Id.,* ¶

20.  Alibaba Singapore has no registered agent in Texas and is not registered with the Texas

Secretary of State to transact business in Texas.  *Id.,* ¶ 21.

Alibaba Singapore is the contracting party under the agreements with buyers and sellers residing outside of China, Hong Kong, and Macau who register to use the Alibaba.com or AliExpress websites[2] (herein, the "Alibaba marketplace").  Those agreements provide that they are governed by the laws of Hong Kong and that the parties submit to the exclusive jurisdiction of the Hong Kong courts.  *Id.,* ¶ 23.

D.    **Plaintiff Express Mobile, Inc.**

The Express Mobile, Inc. was formed as a Delaware on corporation September 27, 2006. Declaration of Robert N. Kang ("Kang Decl.") Ex. 1.  Express Mobile, Inc. (Delaware) has a principal place of business in Novato, California.  *Id.*

One week before filing this lawsuit, Express Mobile, Inc. registered to do business in Texas.  Kang Decl. Ex. 2.  In fact, although Express Mobile filed its application for registration in Texas on March 31, 2015, it actually requested that the effective date of the document be delayed until April 2, 2015.  *Id.,* p. 2.  In the Complaint, Express Mobile stated that it has a "place of business" in Plano, Texas.  (Dkt. 1, ¶ 2.)  However, its Texas registration contains no address in Plano—the only address in Texas listed is that of one of its litigation counsel and registered agent, Robert Kiddie.  Kang Decl. Ex. 2, p. 1.  The Texas corporate registration for Express Mobile lists Express Mobile's address in Novato, CA, and lists four directors: James Dykstra, Michael Gonzalez, John Rizzo, and Steven Rempell (the named inventor of the '397 patent).  (Kang Decl. Ex. 2, p. 2)  Each of these individuals currently has an address in California.  (Kang Decl. Exs. 3, 4, 5, 6)  Messrs. Rempell, Dykstra, and Rizzo currently reside in Northern California, while Mr. Gonzalez currently resides in Southern California.  *Id.*

---

[2]  Only suppliers from China can sell on AliExpress.  Kang Decl. Ex. 9.  Accordingly, users in Texas cannot sell on AliExpress.

Express Mobile's LinkedIn profile lists its headquarters as located in the 94945 zip code, which is Novato, California (where Messrs. Rempell and Dykstra reside).[3] (Kang Decl., Ex. 7.) Furthermore, the website of Mr. Gonzalez's company, Applicity, states it provides "enterprise mobility simplified" using "technology by Express Mobile, Inc., Novato, CA." (Kang Decl., Ex. 8.)

III.   **APPLICABLE LAW**

A.   **Personal Jurisdiction**

In a patent case, Federal Circuit law governs the issue of personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotations omitted). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Id.* at 1017 (internal quotations omitted). *See also Nuance Communs., Inc. v. Abbyy Software House,* 626 F.3d 1222, 1230 (Fed. Cir. 2010) (holding "[t]he law of the Federal Circuit, rather than that of the regional circuit in which the case arose, applies to determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer.")

The Texas long-arm statute has been interpreted as coextensive with the federal due process standards. Accordingly, the court may consider only whether the assertion of personal jurisdiction is consistent with federal due process considerations. *Special Indus. v. Zamil Group Holding Co.*, 578 Fed. Appx. 325, 327-328 (5th Cir. 2014) (citing *Pervasive Software Inc. v.*

---

[3]   Novato, CA is located in Marin County, within the Northern District of California. *See* http://www.cand.uscourts.gov/jurisdictionmap; http://novato.org/about-novato.

*Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. Tex. 2012).)  *See also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Personal jurisdiction comes in two forms, general and specific.  "General jurisdiction, on one hand, requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics*, 556 F.3d at 1017 (internal quotations omitted).  In other words, general personal jurisdiction applies when the defendant is found to be "at home" in the jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (U.S. 2014) (holding "a court may assert jurisdiction over a foreign corporation …only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'")  Sporadic and insubstantial contacts with the forum state will not give rise to general jurisdiction. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 881-884 (Fed. Cir. 2008) (finding no general jurisdiction from twelve sales yielding approximately $14,000 in revenue, conference attendance in the forum during which products are demonstrated and orders taken, and a generally accessible internet website.)

"Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).  Specific jurisdiction exists if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Id*.

The plaintiff has the burden of proving parts one and two of the specific jurisdiction test are met in a given case, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.  *Id.*  In meeting its burden of proof, a plaintiff cannot merely rely on conclusory allegations.   Instead, plaintiffs must supply, with reasonable particularity, specific *facts* sufficient to establish that the Court has personal jurisdiction over all defendants.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. Tex. 2001) (finding failure to meet *prima facie* case requirement where Appellants provided only conclusory allegations and no evidence supporting its jurisdictional allegations.)  *See also Dudnikov v. Chalk & Vermillion Fine Arts, Inc.* 514 F.3d 1063, 1070 (10th Cir. Colo. 2008) (stating personal jurisdiction allegations must contain "well-pled (that is, plausible, non-conclusory, and non-speculative) facts."); *MGA Entertainment v. Innovation First,* 525 Fed. Appx. 576, 578 (9th Cir. Cal. 2013) (holding plaintiff is obligated to come forward with facts … supporting personal jurisdiction"); *Palnik v. Westlake Entertainment, Inc.* 344 Fed. Appx 249, 251 (6th Cir. Ohio 009) (holding when "a court decides a motion to dismiss for lack of personal jurisdiction … the complaint must have established with reasonable particularity those specific facts that support jurisdiction.")

B.     **Transfer For Lack of Venue and Convenience of the Parties and Witnesses**

For "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing 28 U.S.C. § 1404(a)).   In evaluating whether the proposed transferee forum is sufficiently more convenient, courts look to "private" and "public" interest factors:

> The private interest factors are:  (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and (4) all other practical

> problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors are:  (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. Tex. 2008) (en banc) ("*Volkswagen II*") (citation omitted)).  The law requires an "individualized, case-by-case consideration of convenience and fairness" to the parties, *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and "forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties."  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *Volkswagen II*, 545 F.3d at 313-15.  "Courts should not 'honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient.'"  *In re Apple Inc.*, 456 F. App'x 907, 908-09 (Fed. Cir. 2012) (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011).

IV.   **ARGUMENT**

   A.   **This Court Lacks Personal Jurisdiction Over The Alibaba Defendants**

      1.   **The Alibaba Defendants are Not Subject to General Personal Jurisdiction in This District.**

Express Mobile does not allege in its Complaint that any of the Alibaba Defendants are subject to general personal jurisdiction in this District.  (*See* Dkt. No. 1 ¶ 9.)  Even if it did, there can be no dispute that this Court lacks general personal jurisdiction over the Alibaba Defendants.  The Alibaba Defendants are not "essentially at home" in the State of Texas; they do not have systematic and continuous contacts with Texas.

None of the Alibaba Defendants have any places of business in Texas.  Ho Decl. ¶¶ 8, 14, 20.  The Alibaba Defendants do not have employees, representatives or agents in Texas.  *Id*.  They do not pay property or income taxes in Texas, and they do not own, lease or maintain real

or tangible personal property in Texas.  *Id*.  The Alibaba Defendants are not registered to do

business in Texas, and do not have any registered agents in Texas.  *Id.*, ¶¶ 9, 15, 21.

Thus, the Alibaba Defendants do not have a presence in Texas sufficient to establish it as

"essentially at home" in Texas (or, more particularly, this District), and therefore subject to

general personal jurisdiction here.  *Bauman*, 134 S. Ct. at 751.  And Express Mobile has failed to

present any facts in its Complaint sufficient to support an allegation otherwise.

### 2.   The Alibaba Defendants Are Not Subject to Specific Personal Jurisdiction in This District.

The court also lacks specific jurisdiction over the Alibaba Defendants.  Express Mobile's

jurisdictional allegations are limited to an assertions that:

> Defendants each are present within the State of Texas and this
> judicial district; Defendants each have purposefully availed
> themselves of the privilege of conducting business in the State of
> Texas and in this judicial district; Defendants each regularly
> conduct business within the State of Texas and within this judicial
> district; and Plaintiff's cause of action arises directly from each
> Defendants' business contacts and other activities in the State of
> Texas and in this judicial district.

(Dkt. No. 1 ¶ 9; *see also id.* ¶ 10.)  These allegations fail to recite any *facts* sufficient to support a

finding of personal jurisdiction.[4]

Express Mobile fails to recite the "minimum contacts" to which it refers, or set forth facts

directed to how the Alibaba Defendants have "purposefully availed" themselves of the

"privileged of conducting business in the State of Texas."  (*See* Dkt. No. 1 at ¶¶ 9-10.)  Express

Mobile also fails to provide *any* facts to supports its statement that the Alibaba Defendants

"regularly conduct business within the State of Texas."  *Id.*  Lastly, while Express Mobile asserts

---

[4] As discussed in further detail below, the insufficiency of Express Mobile's
jurisdictional allegations are confirmed by its collective treatment of "the Alibaba Defendants"
for purposes of the jurisdictional allegations its Complaint.  (*See, e.g.,* Dkt. No. 1 ¶

that its "cause of action arises directly from each Defendants' business contacts and other activities in the State of Texas," it fails to identify even one such alleged business contact or activity in its Complaint.

Instead of presenting any facts to support its allegations, Express Mobile's Complaint premises personal jurisdiction on a conclusory parroting of the general test for personal jurisdiction offered under the guise of fact.  "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented."  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. Tex. 2005)  Presenting mere conclusory assertions that parrot the test for specific personal jurisdiction, as Express Mobile has done, is insufficient to meet this Court's pleading requirements.  *Panda Brandywine,* 253 F.3d at 869 (holding Appellants' sole evidence supporting personal jurisdiction, an allegation "that Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm to Appellants in Texas" was merely conclusory, and affirming dismissal for lack of personal jurisdiction.)  *See also Dell, Inc. v. This Old Store, Inc.,* 2007 U.S. Dist. LEXIS 47818, 3-4 (S.D. Tex. July 2, 2007) (requiring plaintiff's complaint to state the factual basis for the Court's personal jurisdiction.)

In order to meet its burden, Express Mobile is required to set forth facts plausibly suggesting, or to adduce evidence establishing, that exercising personal jurisdiction over the Alibaba Defendants in this case comports with the Due Process Clause.  *Bullion v. Gillespie*, 895 F.2d 213, 216-217 (5th Cir. Tex. 1990) (holding "the party who seeks to invoke the jurisdiction of the district bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court.")  *See also Pennington Seed, Inc. v. Produce Exch. No. 299,* 457 F.3d 1334, 1344 (Fed. Cir. 2006) (rejecting personal jurisdiction where the complaint lacked

sufficient allegations of minimum contacts).  As described above, Express Mobile has failed to fulfill these requirements in the present case.

As a result of  Express Mobile's failure to meet this minimum threshold, its Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B.** **Even If the Court Decides that It Can Exercise Personal Jurisdiction Over One or More of the Alibaba Defendants, Transfer to the Northern District of California is Amply Warranted**

Even if the Court determines that it can exercise personal jurisdiction over one or more of the named defendants in the present action, the present forum is not the proper forum for the administration of this case.  Rather, the U.S. District Court for the Northern District of California is the appropriate forum.  As discussed below, all factors traditionally considered in analyzing a motion to transfer favor a transfer to the Northern District of California here.

1. **Express Mobile's could have sued Alibaba.com in the Northern District of California**

In deciding whether transfer is proper, the Court must first determine "whether a civil action 'might have been brought' in the destination venue."  *Volkswagen II*, 545 F.3d at 312. Defendant Alibaba.com has its principal place of business in San Mateo, California.  As such, the Northern District of California has general personal jurisdiction over Alibaba.com. Accordingly, Express Mobile could have sued Alibaba.com in the Northern District of California.[5]

---

[5] Express Mobile's conclusory allegations with respect to the other Alibaba Defendants do not distinguish those foreign companies' purported contacts with Texas from those with California or any other state.  Should Express Mobile contend that there is personal jurisdiction in this District but not in the Northern District of California, the Alibaba Defendants reserve the right to reply.

### 2.   **Express Mobile Has No Meaningful Connection to This Forum**

Express Mobile's choice of venue is provided no deference in analyzing a motion to transfer under 28 U.S.C. § 1404.  *Nintendo,* 589 F.3d at 1200 (holding "the district court clearly abused its discretion in denying transfer from a venue with no meaningful ties to the case [because it] gave too much weight to the plaintiff's choice of venue.")

Even if choice of venue *could* be considered, it should not be in *this* case.  Express Mobile claims it is "registered to conduct business" is in this District.  (Dkt. No. 1 ¶ 2.)  Even if true, Express Mobile's *principal* place of business is in the Northern District of California; not Texas.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as "the corporation's 'nerve center.'"); *see also In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (granting mandamus and reminding that courts should, if "the record reveals attempts at manipulation" regarding the principal place of business, "take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation"); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).  The Northern District of California is Express Mobile's principal place of business, not Texas.  When Express Mobile registered in Texas, it did not list its alleged Plano "place of business", instead stating that its principal office address is in Novato, California, and listing one of its litigation counsel as its registered agent.  Kang Decl. Ex. 2.  That same registration, filed on March 31, 2015, stated that Express Mobile's purpose is to "enforce intellectual property", and that it "intends to transact business in Texas" *two days after* the filing of the registration.  *Id.*  As such, Express Mobile's blatantly litigation-induced connection to this District should be ignored.  *In re Apple Inc.*, 456 F. App'x 907, 908-09 (Fed. Cir. 2012) (quoting *Microsoft Corp.*, 630 F.3d at

1364) ("Courts should not 'honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient.'").

### 3.    The convenience of witnesses favors transfer

Transfer to the Northern District of California will serve the convenience of most, if not all, of the prospective witnesses in this case, which is "probably the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343; *see In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561 (Fed. Cir. 2011). "All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.* 2010 WL 3855520 (E.D. Tex. 2010), slip op. at *5 (citing *Genentech*, 566 F.3d at 1343).

Alibaba.com's employees are located predominately in the Northern District of California, or spend time in that District as part of their work.  None of them are located in Texas.  The majority, if not all, documents or evidence relating to Alibaba.com will be located in or accessible from San Mateo, California.  None of them are located in Texas.  Ho Decl., ¶¶ 4, 7-8.

The convenience of Alibaba Holding and Alibaba Singapore witnesses also favors transfer.  The Northern District of California is more than 100 miles from this District, so the "factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 371 F.3d 201, 204-05 (5th Cir. 2004).  The Northern District is a dramatically shorter average distance from the vast majority of potential witnesses than is this District.  Alibaba Holding and Alibaba Singapore's offices are located in Asia, and their witnesses will fly to the U.S. to testify from Asia.  Ho Decl. ¶¶ 10, 16.  The Court must consider not only average distance, but also travel time. *See id.* at 205 n.3.  Here too the Northern District

prevails:   direct flights from Asia take approximately 12 hours to international airports in Oakland or San Francisco, 10 and 25 miles from the courthouse in San Francisco.  Alibaba Holding and Alibaba Singapore witnesses would be subjected to only 12.5 hours total travel time to the courthouse in San Francisco, while witnesses traveling to this Court must additionally drive 170 miles from Dallas, or take a connecting regional flight into Shreveport and drive back 35 miles, resulting in over 18 hours of total travel time.  Additionally, because of Alibaba.com's San Mateo offices, any such witnesses will have a home location from which to work if they are required to travel to the United States in relation to this case.

The Northern District of California is also more convenient for Express Mobile's employees.  Mr. Rempell, the named inventor of the patent-in-suit and a member of Express Mobile's Board of Directors, currently lives in the Northern District of California, as do Messrs. Dkystra and Rizzo, who are also members of the Express Mobile Board of Directors.  The last member of Express Mobile's Board of Directors, Michael Gonzalez, lives in Southern California[6].  While each of these individuals may be a witness for Express Mobile in this case, the most plausible witness is Mr. Rempell—the named inventor of the patent-in-suit.  Express Mobile cannot plausibly make the argument that the Eastern District of Texas is a more convenient forum than the Northern District of California for Mr. Rempell, or any other Express Mobile witness.

As a result, the convenience of all prospective witnesses in this case favors the Northern District of California.

---

[6]  While Mr. Gonzalez is not a resident of the Northern District of California, travel to this District is no more convenient for him (assuming that he were a witness in this case) than travel to the Northern District of California.  If anything, travel to the Northern District of California is likely more convenient for Mr. Gonzalez as well, as there are more frequent flight

####          4.     **Availability of Compulsory Process Favors Transfer**

The third factor, "availability of compulsory process to secure the attendance of witnesses," strongly favors the Northern District of California.  Both this Court and the Northern District of California can issue nationwide deposition subpoenas under Fed. R. Civ. P. 45(b)(2), but each Court has different powers to require attendance at trial.  This Court can compel only non-party witnesses residing within Texas, and the Northern District of California only from within California.  Fed. R. Civ. P. 45(c)(1)(B)(ii).  In at least three subject-matter areas, the relevant witnesses are in the Northern District of California.  In addition to the Express Mobile principals (and named inventor), the attorney who prosecuted the '397 patent (who is not a party, but may be a witness) also resides within the subpoena power of the Northern District of California.

Additionally, numerous non-party prior artists who may testify on the prior invention, use, and offer for sale of products anticipating or rendering obvious the alleged invention of the asserted '397 patent, reside within this district. For example, the paper "Responsive Interaction for a Large Web Application: The Meteor Shower Architecture in the WebWriter II Editor" was written by various researchers out of Xerox Palo Alto Research Center ("PARC").  Xerox PARC witnesses and documents will potentially be critical sources of evidence for the WebWriter II prior art.  Similarly, the paper "In-place editing of Web pages: Sparrow community-shared documents" also came out of Xerox PARC.  As another example, U.S. Patent No. 6,557,164 is assigned to Sun Microsystems; the inventor, Antony Faustini also resides in Palo Alto.  Mr. Faustini and Oracle will be critical sources of evidence for the '164 patent prior art.  As yet another example, the paper "Visual Constructor: Remote Authoring in a Web-based Learning

---

options between Los Angeles and San Francisco than there are flights available to Marshall,

System" was authored by a group of IXMICRO researchers in San Jose, California. The ability of the Northern District of California to compel process of these non-party prior art witnesses favors transfer.

Thus, the Court should grant transfer where, as here, the present District "is convenient only for [one of plaintiff's] litigation counsel." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).

### 5. There Are No Practical Problems With Transferring This Case to The Northern District of California

"Practical problems include those that are rationally based on judicial economy." *Optimum Power Solutions LLC v. Apple Inc.*, 794 F. Supp. 2d 696, 702 (E.D. Tex. Feb. 22, 2011). There are no practical problems with transferring this case, because this case is just beginning: discovery has not started, the parties have not exchanged initial disclosures or contentions, and any such disclosures or contentions exchanged in the future can be used in the Northern District of California as well. The Local Patent Rules of this District were patterned on those of the Northern District of California, meaning any work the parties have done in this District will not be wasted. *Affinity Labs of Texas v. Samsung Elecs. Co.*, No. 12-557, 2013 WL 5508122, at *2 (E.D. Tex. Sept. 18, 2013). This factor is thus neutral. *TransUnion Intelligence LLC v. Search America, Inc.*, No. 10-130, 2011 WL 1327038, at *5 (E.D. Tex. Apr. 5, 2011).

---

Texas.

For the foregoing reasons, the Court should dismiss this action with respect to all of the

Alibaba Defendants for lack of personal jurisdiction, or in the alternative, transfer this action to

the Northern District of California.

Dated:  July 8, 2015                                   Respectfully Submitted,

                                                       */s/ Mark Mann*
MANN TINDEL THOMPSON
J. Mark Mann
Texas Bar No. 12926150
mark@themannfirm.com
MANN TINDEL THOMPSON
300 West Main
Henderson, Texas 75652
Telephone:  903.657.8540
Facsimile: 903.657.6003
LOCAL COUNSEL

CAREY R. RAMOS (*pro hac vice* to be filed)
careyramos@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212.849.7000
Facsimile: 212.849.7100
JEFFREY S. GERCHICK (*pro hac vice* to be
filed)
D.C. Bar No. 474529
jeffgerchick@quinnemanuel.com
777 6th Street NW, 11th Floor
Washington, D.C. 20001-3706
Telephone:  202.538.8000
Facsimile: 202.538.8100
ROBERT N. KANG  (*pro hac vice* to be filed)
Cal. Bar No. 274389
robertkang@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: 415.875.6600
Facsimile:  415.875.6700
LEAD COUNSEL

*Attorneys for Defendants* Alibaba.com Inc.,

Alibaba E-Commerce Private Limited, and
Alibaba Group Holding, Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 8, 2015.

*/s/ J. Mark Mann*

J. Mark Mann